# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0963V
Filed: April 16, 2019
UNPUBLISHED

| | |
|---|---|
| KAREN ADAMS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On July 18, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") caused by the influenza ("flu" vaccine she received on October 10, 2016. Petition at 1. On August 21, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 28.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 18, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 33.  Petitioner requests attorneys' fees in the amount of $22,677.80 and attorneys' costs in the amount of $1,824.05.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $24.501.85.

On February 19, 2019, respondent filed a response to petitioner's motion.  ECF No. 34.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On February 21, 2019, petitioner filed a reply.  ECF No. 35.  Petitioner requests that the undersigned award the amount of attorneys' fees and costs sought.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**I.  Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.  Attorney Fees

### A. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for her attorney, Ms. Durant, at a rate of $350 per hour for time billed in 2016, $365 per hour for time billed in 2017, and $377 per hour for time billed in 2018. ECF No. 33 -1 at 7. The undersigned finds no cause to reduce these rates as they have been previously awarded to petitioner's counsel.

With regard to Ms. Durant's requested hourly rate of $391 for work performed in 2019, Ms. Durant has been a member of the Bar of New Jersey since 2007, and the District of Columbia since 2012, and therefore has 11 years of experience as a licensed attorney.[3] Under the Court's Fee Schedule, an attorney in the range of 11-19 years of experience is entitled to hourly rates between $324-$405 for work performed in 2019.[4] The undersigned notes that the requested rate is towards the high end of this Court's Attorneys' Hourly Rate Fee Schedule for attorneys with 11-19 years of experience.[5] The undersigned finds the proposed rate of $391 excessive based on Ms. Durant's overall legal experience, the quality of work performed, her experience in the Vaccine Program,[6] and her reputation in the legal community and the community at large. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in

---

[3] Ms. Durant did not submit an affidavit in this case, and thus her bar admission dates were determined by independent research by this Court.

[4] The Attorneys' Fee Schedule for 2019 is available at http://www.cofc.uscourts.gov/node/2914

[5] The general policy of the Office of Special Masters is to calculate attorney experience when an attorney becomes licensed to practice, and not when she achieves a Juris Doctorate. *See Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V, 2018 WL 3989456, at *5 (Fed. Cl. Spec. Mstr. July 17, 2018) (calculating an attorney's experience from the date the attorney was first admitted to practice law and citing additional cases); *Tinsley v. Sec'y of Health & Human Servs.*, No. 15-513V, 2016 WL 4367228, at *2 n.6 (Fed. Cl. Spec. Mstr. July 21, 2016) (calculating counsel's experience from her bar admission date and not as a graduate of law school).

[6] The undersigned notes that Ms. Durant's requested rate is significantly higher than other attorneys with similar experience. See *Booth v. Sec'y of Health & Human Servs.*, 17-0246V 2018 WL 2772540 (Fed. Cl. Spec. Mstr. March 7, 2018) (awarding an attorney with 10 years of experience $326 per hour for work performed in 2018). Moreover, Ms. Durant's requested rate is similar to attorneys with considerable more experience. *See, e.g.*, *Scarpato v. Sec'y of Health & Human Servs.*, 16-1448V, 2018 WL 3030977 (Fed. Cl. Spec. Mstr. March 28, 2018) (awarding $377 per hour for an hourly rate for an attorney with 17 years of experience); *Barna v. Sec'y of Health & Human Servs.*, 16-0879V, 2018 WL 4390086 (Fed. Cl. Spec. Mstr. May 29, 2018) (awarding an attorney with 25 years of experience $385 per hour for work performed in 2019).

deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). The undersigned finds that a rate of $380 per hour for work performed in 2019 is reasonable for Ms. Durant, and in line with other attorneys similarly situated. This results in a reduction of attorney's fee in the amount of **$39.60**.[7]

### III.   Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,824.05. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,462.25[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Leah VaSahnja Durant.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[7] This amount consists of $391 - $380 = $11 x 3.6 hrs = $39.60.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.